IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:10-CR-43-D
No. 4:14-CV-113-D

| | |
|---|---|
| QUADRICK MONTRELL EVERETTE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On August 1, 2013, this court dismissed Quadrick Montrell Everette's ("Everette") motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 and denied a certificate of appealability. See [D.E. 108]. On January 27, 2014, the United States Court of Appeals for the Fourth Circuit declined to issue a certificate of appealability and dismissed the appeal. See [D.E. 113].

On June 26, 2014, Everette filed another section 2255 motion and again asked for relief under 28 U.S.C. § 2255. See [D.E. 119]. Everette again cites United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), but also now cites United States v. Whiteside, 748 F.3d 541 (4th Cir. 2014), and United States v. Hairston, No. 12-8096, 2014 WL 2600057 (4th Cir. June 11, 2014).

Everette failed to obtain the required authorization from the United States Court of Appeals for the Fourth Circuit before filing his latest section 2255 motion. See 28 U.S.C. § 2244(3)(A) ("Before a second or successive [habeas corpus application] is filed in the district court, the applicant shall move the appropriate court of appeals for an order authorizing the district court to consider the application"); see, e.g., Burton v. Stewart, 549 U.S. 147, 152–53, 157 (2007) (per curiam); United States v. MacDonald, 641 F.3d 596, 603–04 (4th Cir. 2011); United States v. Winestock, 340 F.3d

200, 206–07 (4th Cir. 2003); In re Vial, 115 F.3d 1192, 1194–95 (4th Cir. 1997) (en banc). Accordingly, this court lacks jurisdiction to review the section 2255 motion. Thus, the court dismisses Everette's section 2255 motion, and Everette may seek authorization from the Fourth Circuit.

Whiteside and Hairston do not alter this conclusion. As for Whiteside, the Fourth Circuit entered an order on July 11, 2014, voting to rehear Whiteside en banc. See United States v. Whiteside, No. 13-7152, 2014 WL 3377981 (4th Cir. July 11, 2014) (unpublished). Hence, the panel opinion in Whiteside has been vacated. See 4th Cir. R. 35(c); Richmond Med. Ctr. For Women v. Herring, 570 F.3d 165, 168 (4th Cir. 2009) (en banc). As for Hairston, it provides no relief to Everette. Unlike in Hairston, the government timely asserted that Everette had waived his Simmons argument in his plea agreement. See [D.E. 108] 6–8.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find this court's dismissal of Everette's latest section 2255 motion debatable.

In sum, the court DISMISSES Everette's section 2255 motion [D.E. 119] and DENIES a certificate of appealability. See 28 U.S.C. § 2253(c).

SO ORDERED. This 22 day of July 2014.

JAMES C. DEVER III
Chief United States District Judge

2