IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:10-CR-43-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| QUADRICK MONTRELL EVERETTE | ) | |
| | ) | |
| Defendant. | ) | |

On September 26, 2022, Quadrick Montrell Everette ("Everette" or "defendant") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 193]. On October 5, 2022, Everette, filed a motion to amend arguments in support of his motion for compassionate release [D.E. 196]. On December 9, 2022, Everette through counsel, filed a second memorandum in support and exhibits [D.E. 200]. On December 22, 2022, the government responded in opposition [D.E. 204]. On December 29, 2022, Everette replied [D.E. 204]. As explained below, the court grants Everette's motion to amend and denies Everette's motion for compassionate release.

I.

On August 16, 2010, pursuant to a written plea agreement, Everette pleaded guilty to conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base ("crack") in violation of 21 U.S.C. § 846(a)(1). See [D.E. 45, 46]. On April 4, 2011, the court held a sentencing hearing, adopted the facts set forth in the Presentence Investigation Report ("PSR") [D.E. 184], and resolved Everette's objection to the PSR. See Sent. Tr. [D.E. 79] 3–24; [D.E. 68,

71]; Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated Everette's total offense level to be 34, his criminal history category to be VI, and his advisory guideline range to be 262 to 327 months' imprisonment. See Sent. Tr. at 7. After thoroughly considering the arguments of counsel and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Everette to 228 months' imprisonment. See id. at 21; [D.E. 71].

Everette appealed [D.E. 69]. On October 19, 2011, the United States Court of Appeals for the Fourth Circuit dismissed the appeal. See [D.E. 81].

On August 6, 2012, Everette moved to vacate his sentence under 28 U.S.C. § 2255 [D.E. 86, 102]. On August 1, 2013, the court dismissed Everette's motion to vacate under section 2255 [D.E. 108]. Everette appealed [D.E. 110]. On January 27, 2014, the Fourth Circuit dismissed the appeal. See [D.E. 114]; United States v. Everette, 552 F. App'x 290 (4th Cir. 2014) (per curiam) (unpublished).

On June 26, 2014, Everette again moved to vacate his sentence under 28 U.S.C. § 2255 [D.E. 119]. On July 22, 2014, the court dismissed Everette's motion to vacate under section 2255 as successive [D.E. 122]. Everette appealed [D.E. 124]. On February 12, 2015, the Fourth Circuit dismissed the appeal. See [D.E. 130]; United States v. Everette, 591 F. App'x 236 (4th Cir. 2015) (per curiam) (unpublished).

On June 23, 2016, Everette filed a third motion to vacate his sentence under 28 U.S.C. § 2255 [D.E. 154]. On March 17, 2017, Everette voluntarily withdrew his motion [D.E. 160].

On July 26, 2019, Everette moved for a reduction of sentence under the First Step Act [D.E. 163]. On May 8, 2020 the court denied Everette's motion [D.E. 181]. Everette appealed [D.E. 182]. On May 26, 2022, the Fourth Circuit denied the appeal. See [D.E. 191]; United States v. Everette, No. 20-6745, 2022 WL 1684507 (4th Cir. May 26, 2022) (per curiam) (unpublished).

2

On September 26, 2022, Everette again moved for compassionate release under the First Step Act [D.E. 193]. The government opposes the motion [D.E. 203].

II.

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir.) (per curiam), cert. denied, 142 S. Ct. 383 (2021); United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020). A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); see United States v. Ferguson, 55 F.4th 262, 268 (4th Cir. 2022). This requirement is nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s exhaustion requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable

3

Sentencing Commission policy statements. See Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. In evaluating the section 3553(a) factors, the court considers, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, a defendant's post-sentencing conduct, the need to deter criminal behavior, the need to promote respect for the law, and the need to protect the public. See 18 U.S.C. § 3553(a); Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Although a court considers a defendant's post-sentencing conduct, rehabilitation alone is not an extraordinary and compelling reason for a sentence reduction. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13 cmt. n.3; McCoy, 981 F.3d at 286 n.9.

No Sentencing Commission policy statement currently applies to a defendant's compassionate release motion. See Hargrove, 30 F.4th at 194; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–31; McCoy, 981 F.3d at 281–82. U.S.S.G. § 1B1.13 is a policy statement that applies to compassionate release motions filed by the BOP Director. Nonetheless, section 1B1.13 "remains helpful guidance even when motions are filed by defendants." McCoy, 981 F.3d at 282 n.7; see Hargrove, 30 F.4th at 194. Application Note 1 of U.S.S.G. § 1B1.13 lists several extraordinary and compelling circumstances, including (A) a defendant's serious medical condition, (B) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her sentence, (C) certain family circumstances in which a defendant's minor children or incapacitated spouse or registered partner would otherwise have no caregiver, or (D) any other extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1(A). "[A]n

4

extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant" a sentence reduction. Id. § 1B1.13 cmt. n.2.

Everette applied to his warden for compassionate release. See [D.E. 193-1]; [D.E. 200] 4. On February 25, 2022, Everette's warden denied the request. See [D.E. 193-1]; [D.E. 200] 4. Thus, the court addresses the merits. See Ferguson, 55 F.4th at 268; Muhammad, 16 F.4th at 129–30.

Everette seeks compassionate release pursuant to section 3582(c)(1)(A) and cites the COVID-19 pandemic, the condition in prison, his medical conditions (obesity, diabetes, lung problems (including asthma), chest pains, vitamin D deficiency, glaucoma), his rehabilitative efforts, his release plan, his alleged low risk of recidivism, objections to a certain guideline enhancement at sentencing, disparities between cocaine and cocaine base ("crack") sentences, and that he would not be a career offender if sentenced today. See [D.E. 193] 19–42; [D.E. 196]; [D.E. 200] 11–22.

As for the "medical condition of the defendant" policy statement, the policy statement requires that the defendant be "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Everette is obese and has diabetes, lung problems (including asthma), chest pains, vitamin D deficiency, glaucoma. See [D.E. 193] 20–26; [D.E. 200] 11–18. Everette's medical conditions are under control. See [D.E. 193-2, 197].

Everette argues that his medical conditions put him at heightened risk of serious infection or death from COVID-19. See [D.E. 193] 20–26; [D.E. 200] 11–18. Everette, however, received two doses of the Pfizer COVID-19 vaccine. See [D.E. 197] 88. The vaccine provides protection. See, e.g., United States v. Jacques, No. 20-3276, 2022 WL 894695, at *2 (2d Cir. Mar. 28, 2022) (unpublished); United States v. Scalea, No. 21-2631, 2022 WL 795425, at *1 (3d Cir. Mar. 15, 2022)

5

(unpublished) (noting that although "vaccination does not rule out reinfection . . . this does not diminish that vaccination mitigates the risk of COVID-19 complications"); United States v. Shettler, No. 21-10484, 2022 WL 620311, at *4 (11th Cir. Mar. 3, 2022) (per curiam) (unpublished); United States v. Ibarra, No. 21-10255, 2022 WL 229198, at *1 (9th Cir. Jan. 25, 2022) (unpublished); United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021) ("And following full vaccination, it is now well understood, both the likelihood of contracting COVID-19 and the associated risks should one contract the virus are significantly reduced" so that "an inmate largely faces the same risk from COVID-19 as those who are not incarcerated."); United States v. Hald, 8 F.4th 932, 936 n.2 (10th Cir. 2021) (noting "there is certainly room for doubt" that being fully vaccinated or being offered a vaccine "would support a finding of 'extraordinary and compelling reasons'" justifying compassionate release), cert. denied, 142 S. Ct. 2742 (2022); United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."); United States v. Baeza-Vargas, 532 F. Supp. 3d 840, 843–46 (D. Ariz. 2021) (collecting cases showing the "growing consensus" of district courts that have ruled that an inmate receiving a COVID-19 vaccine "weighs against a finding of extraordinary and compelling circumstances"); cf. United States v. Petway, No. 21-6488, 2022 WL 168577, at *2 (4th Cir. Jan. 19, 2022) (per curiam) (unpublished). And the wide availability of COVID-19 vaccines greatly diminishes the risk to Everette from COVID-19 whether he is in prison or not. See, e.g., Scalea, 2022 WL 795425, at *1; Ibarra, 2022 WL 229198, at *1; Lemons, 15 F.4th at 751; Hald, 8 F.4th at 936 n.2; Broadfield, 5 F.4th at 803; Baeza-Vargas, 532 F. Supp. 3d at 843–46.

Besides the heightened risk of COVID-19 infection due to the condition in prison, Everette does not otherwise allege that the BOP is not treating and monitoring his medical conditions or that

6

he is unable to provide self-care while incarcerated. Moreover, arguments based on generalizations about the spread of COVID-19 in prison have considerably less force given the wide availability of COVID-19 vaccines, the current medical conditions at FCI Butner where Everette is incarcerated, and BOP's extensive efforts to control and contain COVID-19. See Bureau of Prisons, BOP's COVID-19 Response, https://www.bop.gov/coronavirus/overview.jsp#bop_covid-19_response (last visited Apr. 20, 2023). Therefore, reducing Everette's sentence because of his risk factors and the general risk of COVID-19 in prison does not comport with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for Everette's argument that he would not be a career offender if sentenced today, a district court must consider all nonfrivolous arguments for a sentence reduction, including any new lower statutory maximum or new advisory guideline range. See Concepcion v. United States, 142 S. Ct. 2389, 2404 (2022); United States v. Reed, 58 F.4th 816, 821–22 (4th Cir. 2023). The First Step Act grants to district courts "particular" and "broad discretion." Concepcion, 142 S. Ct. at 2404. And the plain language of section 404(c) expressly defines that discretion: "Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section." First Step Act, § 404(c), 132 Stat. at 5222; see, e.g., Concepcion, 142 S. Ct. at 2402–04; Reed, 2023 WL 1163109, at *4; United States v. Gravatt, 953 F.3d 258, 261 (4th Cir. 2020); Wirsing, 943 F.3d at 184–86. As the Supreme Court noted in Concepcion and the Fourth Circuit confirmed in Reed, section 404(c) "clarif[ies] that the Act does not 'require a court to reduce any sentence.'" Concepcion, 142 S. Ct. at 2404; Reed, 58 F4th at 821–22. The First Step Act "leaves much to the judge's own professional judgment" and simply requires the "court to demonstrate that it has considered the arguments before it." Concepcion, 142 S. Ct. at 2404–05 (cleaned up); see Chavez-

7

Meza, 138 S. Ct. at 1966; Reed, 58 F4th at 821–22. Moreover, "appellate review should not be overly searching." Concepcion, 142 S. Ct. at 2404.

Everette argues that his conviction for conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base ("crack") in violation of 21 U.S.C. § 846(a)(1) no longer can serve as a predicate career offender offense under United States v. Norman, 935 F.3d 232 (4th Cir. 2019) and United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). See [D.E. 193] 7; [D.E. 196]. Everette argues that under Norman and Simmons he would not qualify as a career offender if sentenced today. See id. Everette admits, however, that given his criminal history was already at a VI without the career offender enhancement, this argument would not change his advisory guideline range. See [D.E. 200] 20 n.1.

Regardless, even if Everette's career offender status had affected Everette's advisory guideline range, the court would not reduce Everette's sentence. Cf. Concepcion, 142 S. Ct. at 2404; Reed, 58 F4th at 821–24. The court reaches this conclusion based on Everette's serious criminal conduct, poor performance on supervision, and appalling and violent criminal history. See [D.E. 181] 4–5. Accordingly, even if Everette is no longer a career offender due to Norman or Simmons, the court declines to reduce Everette's sentence. Cf. Concepcion, 142 S. Ct. at 2404; Reed, 58 F4th at 821–22.

Everette also makes various arguments challenging application of a U.S.S.G. § 3B1.1 enhancement at sentencing and alleged sentencing disparities between cocaine and cocaine base ("crack"). See [D.E. 193] 31, 37. To the extent Everette seeks to vacate his sentence based on objections to a guideline enhancement, the court cannot grant such relief under section 3582(c)(1)(A). See Ferguson, 55 F.4th at 270. Regarding arguments about alleged sentencing

8

disparities, the court already rejected these arguments when denying Everette's first motion under the First Step Act. See [D.E. 181] 4.

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, the condition in prison, Everette's medical conditions, his rehabilitative efforts, his release plan, his alleged low risk of recidivism, his objections to application of a guideline enhancement at sentencing, alleged disparities between cocaine and cocaine base ("crack") sentences, and Everette's argument that he would not be a career offender if sentenced today together are compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). However, the section 3553(a) factors counsel against reducing Everette's sentence. See Conception, 142 S. Ct. at 2404; Reed, 58 F4th at 821–24; Hargrove, 30 F.4th at 194–95, 198–200; High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32.

As for Everette's history and characteristics, Everette has an appalling and violent criminal history and has performed poorly on supervision. See PSR ¶¶ 19–27. Everette's convictions include larceny, possession with intent to sell and deliver marijuana, maintaining a vehicle, dwelling, or place for controlled substances (two counts), assault with a deadly weapon (two counts), common law robbery, and accessory after the fact to assault with a deadly weapon with intent to inflict serious injury. See id. Everette has performed poorly on supervision, including failing to complete community service, failing to report to his probation officer, failing to abide by curfew, failing to pay his monetary obligations, failing to obtain a substance abuse assessment, and unauthorized leave. See id. ¶¶ 20, 25. In fact, Everette was arrested for the instant offense while on probation. See id.

9

¶ 26. In light of Everette's history and characteristics, the court does not believe that Everette poses a low risk of recidivism.

Everette has a generally positive record while in federal custody. In 2017 Everette incurred a disciplinary infraction for giving or accepting money in an unauthorized fashion. See [D.E. 172] 2. Nonetheless, Everette has been infraction free since 2017. See [D.E 200] 20. Everette also earned his GED, taken anger management courses, and has paid his special assessment. See [D.E. 172] 2. Everette has submitted several letters in support of release from BOP staff which describe Everette as a positive role model who has matured and has kept a job while in custody. See [D.E. 193-3]. The court has taken all of this conduct into account. See Pepper, 562 U.S. at 491; High, 997 F.3d at 187–91; Chambers, 956 F.3d at 671–75; McDonald, 986 F.3d at 412; Martin, 916 F.3d at 398.

The court must balance Everette's generally positive performance in federal custody against his serious criminal conduct, appalling and violent criminal history, poor performance on supervision, the need to punish him, the need to promote respect for the law, the need to protect society, and the need to deter others. Cf. Concepcion, 142 S. Ct. at 2403–04; Pepper, 562 U.S. at 480–81; Reed, 58 F4th at 821–24; United States v. Roane, 51 F.4th 541, 551–52 (4th Cir. 2022); High, 997 F.3d at 187–91; McDonald, 986 F.3d at 412; Martin, 916 F.3d at 398. The court also has considered Everette's exposure to COVID-19, the condition in prison, his medical conditions, his rehabilitative efforts, his release plan,[1] his risk of recidivism, and that he would not be a career offender if sentenced today.

---

[1] Upon release, Everette plans to live with his mother in Rocky Mount, North Carolina. See [D.E. 200-1]. His mother has written a letter indicating that she is prepared to help Everette find medical care. See id. Everette also notes that he will look for a job and seek to be a better father for his daughter. See id.

10

In light of Everette's serious offense conduct, poor performance on supervision, and appalling and violent criminal history, the court rejects Everette's claim that he is no longer a danger to society. Having considered the entire record, the extensive steps that the BOP has taken to address COVID-19, the section 3553(a) factors, Everette's arguments, the government's persuasive response, the need to punish Everette for his serious criminal behavior, to incapacitate Everette, to promote respect for the law, to deter others, and to protect society, the court denies Everette's motion for compassionate release. See, e.g., Concepcion, 142 S. Ct. at 2403–04; Chavez-Meza, 138 S. Ct. at 1966–68; Pepper, 562 U.S. at 480–81; Reed, 58 F4th at 821–24; Roane, 51 F.4th at 551–52; Hargrove, 30 F.4th at 198–200; Kibble, 992 F.3d at 331–32; High, 997 F.3d at 187–91; United States v. Ruffin, 978 F.3d 1000, 1008–09 (6th Cir. 2020); United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); United States v. Hill, No. 4:13-CR-28, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

III.

In sum, the court GRANTS defendant's motion to amend [D.E. 196] and DENIES defendant's motion for compassionate release [D.E. 193].

SO ORDERED. This 21 day of April, 2023.

                                                                   JAMES C. DEVER III
                                                                   United States District Judge